DISTRICT COURT OF MARYLAND, MONTGOMERY COUNTY

CIVIL ACTION

Case No. 06020008362-2007

MARYLAND NATIONAL CAPITAL PARK
AND PLANNING COMMISSION- PARK POLICE,

Plaintiff,                                               COUNTER CLAIM

vs.

JOHN J. BUCKSHAW,

Defendant.

## MOTION TO FILE VIA FAX

**AND NOW**, comes the defendant, John J. Buckshaw, and hereby requests that the judge accept the accompanying motions to for leave to reopen the case to file a motion for leave to file a counterclaim and transmit the items to the office of the clerk and represents:

**Maryland Rules, General Provisions, Rule 1-322** Filing of pleadings and other items.

**(a) Generally.** The filing of pleadings and other items with the court shall be made by filing them with the clerk of the court...

**(c) Photocopies, facsimile (fax) copies.** A photocopy or facsimile copy of a pleading or paper, once filed with the court, shall be treated as an original for all court purposes. The attorney or party filing the copy shall retain the original from which the filed copy was made for production to the court upon the request of the court or any party.

**WHEREFORE,** the plaintiff requests that the clerk file the herein motion for leave to file a counterclaim, motion to file with no filing fee and counterclaim via fax.

Dated: June 11, 2020

*John J. Buckshaw*
John J. Buckshaw

## ORDER

Motion granted.

_____J.

Dated:_____                    DISTRICT COURT JUDGE

DISTRICT COURT OF MARYLAND, MONTGOMERY COUNTY

CIVIL ACTION

Case No. 06020008362-2007

MARYLAND NATIONAL CAPITAL PARK
AND PLANNING COMMISSION- PARK POLICE,

Plaintiff,                                          COUNTER CLAIM

vs.

JOHN J. BUCKSHAW,

Defendant.

## MOTION TO FILE WITH NO FILING FEES

**AND NOW**, comes the defendant, John J. Buckshaw, and hereby requests that the accompanying (a) motion to file by electronic means via fax transmissions; (b) motion for leave to file a counterclaim, (c) counterclaim for $25,000 damages against the plaintiff, and (d) motions for the required injunctive relief and to diminish and vacate the judgment for $50 against the defendant to punish for an illegal fire in 2006 and motions to dismiss the charging documents charging harassment, misuse of a telephone in 2009, which is not signed by the MNCPPC park police, dismiss service of the warrant on December 25, 2012, which was not signed by the MWATA metro police and dismiss the warrant for failure to appear for the trail in 2013 and dismiss the subsequent warrant issued in 2015 where an appearance was not required without service of the warrant, inter alia, be filed without collection of the $28.00 filing fee to file a counterclaim and represents:

**DISTRICT COURT ADMINISTRATIVE REGULATIONS**
**XI. FEES – WHERE NOT REQUIRED**
No fee of any kind shall be charged for the issuance, cancellation or dismissal of any charging document.

**WHEREFORE,** the defendant requests that this court grant the foregoing motion and direct that the clerk file the case without collecting a filing fee.

Dated: June 11, 2020                    _John J. Buckshaw_____

                                        John J. Buckshaw

DISTRICT COURT OF MARYLAND, MONTGOMERY COUNTY

CIVIL ACTION

Case No. 06020008362-2007

MARYLAND NATIONAL CAPITAL PARK
AND PLANNING COMMISSION- PARK POLICE,

Plaintiff,                                                    COUNTER CLAIM

vs.

JOHN J. BUCKSHAW,

Defendant.

## MOTION FOR LEAVE TO FILE A COUNTERCLAIM

**AND NOW,** comes the defendant and hereby requests leave to file a counterclaim for the require injunctive relief for accrual of a cause of action for $25,000 monetary damages against the plaintiff for orders to (A) stay service of a bench warrant which was issued in 2015 after not appearing for a trail where an appearance was not required and where the court is continuing to fail to act a rule on the defendants pre trail motion to dismiss defective proceedings charging harassment and misuse of a telephone, and (B) orders to dismiss defective proceedings and to dismiss the charging documents which evidence extortionate false accusations as follows: (a) failure to appear for a trail in 2013; (b) three counts of harassment and three counts of misuse of a telephone where the charging documents were filed in 2009 without being signed by the plaintiff, and (c) to dismiss the citation in the original herein case charging an illegal fire and to vacate the judgement for $50 and the defendant represents as follows:

1. The plaintiff abused process in 2006 after false arrest, failure to act and respond, investigate, detect and prosecute actors in violation of a disturbing the peace, disorderly conduct, extortionate false statements and false alarm while the defendant had been burning a legal small paper trash fire in the woods after leaving his company warehouse

on River Road on the side of the bicycle trail to Bethesda behind a park bench for which the defendant demands damages in the amount of five thousand dollars ($5,000) against the plaintiff.

2. To the contrary, the plaintiff, park police, instituted a warrantless arrest and ironically falsely arrested the defendant without seeing any fire and only hearing the fire trucks about one mile from the legal small paper trash fire in a grocery store parking lot with willful intent to aid, abet and to subsequently ratify a false alarm for which the defendant demands damages in the amount of five thousand dollars ($5,000) against the plaintiff.

3. From 2006 through the present time, the plaintiff is failing to act and compromise and settle the foregoing claims for damages for which the defendant demands damages in the amount of five thousand dollars ($5,000) against the plaintiff to compensate for unfair claims settlement practices.

4. To the contrary, in 2009, the plaintiff abused process with extortionate false statements made by law enforcement (MNCPPC park police) of harassment and misuse of a telephone and willfully omitted the actual subject matter of the telephone calls being private and privileged communication in business, debt collection and litigation of the foregoing claims for damages for which the defendant demands damages in the amount of ten thousand dollars ($10,000) against the plaintiff to compensate for unlawful interception, disclosure of oral wire, or electronic communication.

**WHEREFORE**, the defendant requests that this court grant the foregoing motion for leave to file a counterclaim for said $25,000 damages and for the required injunctive relief for accrual of causes of action for said damages.

Dated: June 11, 2020

*John J. Buckshaw*

John J. Buckshaw

DISTRICT COURT OF MARYLAND, MONTGOMERY COUNTY

CIVIL ACTION

Case No. 06020008362-2007

MARYLAND NATIONAL CAPITAL PARK
AND PLANNING COMMISSION- PARK POLICE,

Plaintiff,                                                    COUNTER CLAIM

vs.

JOHN J. BUCKSHAW,

Defendant.

### BRIEF- MOTION FOR LEAVE TO FILE A CONTERCLAIM AND STAY

### Maryland Rules, Rule 3-331. Counterclaim

**(a) Counterclaim Against Opposing Party.** A party may assert as a counterclaim any claim that party has against any opposing party, whether or not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim. A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party.
 **(d) Time for Filing.** A party may file a counterclaim or cross-claim within ten days after the time for filing a notice of intention to defend, and thereafter only with leave of court for good cause shown.
**(e) Time of Trial.** Unless otherwise ordered for good cause shown, the complaint and the counterclaim or cross-claim shall be tried at the time assigned for the trial of the complaint.
**(f) Exceeding Jurisdiction of Court.** A party may not file a counterclaim or cross-claim that exceeds the monetary jurisdiction of the court, but the court, on motion of a party having such a claim and for good cause shown, may grant a stay of the action against that party for a period and on the terms it deems proper to permit the party to commence an action in the circuit court on that claim.

Dated: June 11, 2020                         *John J. Buckshaw*

                                             John J. Buckshaw

DISTRICT COURT OF MARYLAND, MONTGOMERY COUNTY

CIVIL ACTION

Case No. 06020008362-2007

MARYLAND NATIONAL CAPITAL PARK
AND PLANNING COMMISSION- PARK POLICE,

Plaintiff,                                               COUNTER CLAIM

vs.

JOHN J. BUCKSHAW,

Defendant.


Filed by the Defendant

John J. Buckshaw
P.O. Box 18704
Washington, DC 20036
Tel. (202) 621-3992
Fax. (202) 876-2997
www.suas.20fr.com
suas.20fr@aol.com

## STATEMENT OF THE CASE

The defendant seeks the required injunctive relief and stay of service of a bench warrant which was wrongfully issued in 2013 and in 2015 and seeks dismissal of defective proceedings charging an illegal fire, misuse of a telephone, harassment- repeated calls and failure to appear for accrual of causes of action for $25,000 damages as a result of failure to act, false arrest, abuse of process with extortionate false statements made by law enforcement (MNCPPC park police) of an illegal fire and failure to act and compromise and settle the foregoing claims for damages done in a combination by deprivation of rights, subsequent abuse of process with accusations of misuse of a telephone and harassment in Prince Georges County, false imprisonment and threats of false imprisonment.

The plaintiffs are continuing to fail to pay claims and seek to arrest the defendant contrary to law and leave for a counterclaim is sought in aid of this court's jurisdiction of causes of action for monetary damages against the plaintiff, in the interest of justice and in furtherance of justice.

The combination is evidencing false arrest and abuse of process where the claims against the MNCPPC park police and actual intent of the calls are omitted from the charging documents which are not signed by the police and to aid and abet failure to compromise and settle claims for damages as a result of failure to act and investigate the plaintiff's reports to the park police after being illegally stopped while on the side of a highway of being a victim of disturbing the peace, disorderly conduct and false alarm and to the contrary the park police ironically falsely arrested the plaintiff and abused process with extortionate false statements of an illegal fire in 2006 as immediately afterwards, the county police failed to respond to the plaintiff's complaint of the foregoing and the opposing parties are failing to compromise and settle the claims.

## ALLEGATION OF JURISDICTION

**Code of Maryland, Court and Judicial Proceedings, Subtitle 3 - Local Government Tort Claims Act, Section 5-301** - Definitions.

(a)  In general.- In this subtitle the following words have the meanings indicated.

(b)  Actual malice.- "Actual malice" means ill will or improper motivation.

(c)  Employee.-  (1) "Employee" means any person who was employed by a local government at the time of the act or omission giving rise to potential liability against that person.

(2) "Employee" includes: (i) Any employee, either within or without a classified service or merit system; was providing services or performing duties. (d)  Local government.- "Local government" means: (6) The Maryland-National Capital Park and Planning Commission…

**Code of Maryland, Court and Judicial Proceedings Section 5-304** - Actions for unliquidated damages.

(d)  Waiver of notice requirement.- Notwithstanding the other provisions of this section, unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice, upon motion and for good cause shown the court may entertain the suit even though the required notice was not given.

**Code of Maryland, Commercial Law, Title 11 - Trade Regulation**

**Subtitle 2 - Antitrust, Section 11-209. Civil actions.** (2) In a proceeding under this section, the court shall determine whether a violation has been committed and enter any judgment or decree necessary to: (i) Remove the effects of any violation it finds; and (ii) Prevent continuation or renewal of the violation in the future.

(3) The court may exercise all equitable powers necessary for this purpose, including but not limited to injunction, restitution to any person of any money or real or personal property acquired from that person by means of any violation, divestiture of property or business units, and suspension or termination of the right of a foreign corporation or association to do business in the State.

(b)  Action for damages and injunction.- (2) (i) A person whose business or property has been injured or threatened with injury by a violation of § 11-204 of this subtitle may maintain an action for damages or for an injunction or both against any person who has committed the violation.

(3) If an injunction is issued, the complainant shall be awarded costs and reasonable attorney's fees. (d) Limitation period for civil action.-  (1) An action brought to enforce this subtitle shall be commenced within 4 years after the cause of action accrues.

(2) For the purposes of this subsection, a cause of action for a continuing violation accrues at the time of the latest violation.

**Section 11-204. Prohibited conduct; unlawful contracts, combinations, and conspiracies.**

(a)  Prohibited conduct.- A person may not: (1) By contract, combination, or conspiracy with one or more other persons, unreasonably restrain trade or commerce;

(2) Monopolize, attempt to monopolize, or combine or conspire with one or more other persons to monopolize any part of the trade or commerce within the State, for the purpose of excluding competition or of controlling, fixing, or maintaining prices in trade or commerce;

(3) Directly or indirectly discriminate in price among purchasers of commodities or services of like grade and quality, if the effects of the discrimination may:

(i) Substantially lessen competition; (ii) Tend to create a monopoly in any line of trade or commerce; or (iii) Injure, destroy, or prevent competition with any person who grants or knowingly receives the benefit of the discrimination or with customers of either of them;

 (5) Discriminate in favor of one purchaser against another purchaser of a commodity bought for resale, with or without processing, by contracting to furnish, furnishing, or contributing to the furnishing of any service or facility connected with the processing, handling, sale, or offering for sale of the commodity on terms not accorded to all purchasers on proportionally equal terms; or

**WHEREAS,** the defendant seeks relief from an arrest warrant and a combination for the purpose of vexatious litigation and diversion of sales done by jostling, misappropriation of trade secrets by improper means including theft and bribery, abuse of process and deprivation of rights to privacy, to free speech, against loss of liberty without due process of law and against involuntary servitude in bad faith and not in bona with willful intent to interfere with business, contracts and prospective economic gain under local anti competitive influence for a presumed reward.

**Code of Maryland, Courts and Judicial Proceedings, Subtitle 2. Venue.**

**Section 6-201. General rule.**

   (a) Civil actions…shall be brought in a county where the defendant resides, carries on a regular business…In addition, a corporation also may be sued where it maintains its principle offices in the State.

(b) Multiple defendants.- If there is more than one defendant, and there is no single venue applicable to all defendants, under subsection (a) of this section, all my be sued in a county where the cause of action arose.

**Section 6-202. Additional venue permitted.**

In addition to the venue provided in section 6-201…the following actions may be brought in the indicated county: (8) Tort action based on negligence- Where the cause of action arose;

**Code of Maryland, Commercial Law, Title 11 - Trade Regulation, Subtitle 2 - Antitrust, Section 11-209. Civil actions.**

(2) In a proceeding under this section, the court shall determine whether a violation has been committed and enter any judgment or decree necessary to:

(i) Remove the effects of any violation it finds; and

(ii) Prevent continuation or renewal of the violation in the future.

(3) The court may exercise all equitable powers necessary for this purpose, including but not limited to injunction, restitution to any person of any money or real or personal property acquired from that person by means of any violation, divestiture of property or business units, and suspension or termination of the right of a foreign corporation or association to do business in the State.

 (b)  Action for damages and injunction.-

 (2) (i) A person whose business or property has been injured or threatened with injury by a violation of § 11-204 of this subtitle may maintain an action for damages or for an injunction or both against any person who has committed the violation.

 (3) If an injunction is issued, the complainant shall be awarded costs and reasonable attorney's fees.

(d)  Limitation period for civil action.-  (1) An action brought to enforce this subtitle shall be commenced within 4 years after the cause of action accrues.

(2) For the purposes of this subsection, a cause of action for a continuing violation accrues at the time of the latest violation.

**Maryland Courts and Judicial Proceedings Section 6-311, Article - Courts and Judicial Proceedings**

(a) In this section, "person" has the meaning stated in Rule 1-202 of the Maryland Rules.

(b) (1) This section applies to an action against a person who had applicable insurance coverage under an insurance policy or self-insurance plan at the time the alleged liability that is the subject of the action was incurred.

(2) Subject to paragraph (1) of this subsection, this section applies to a person who is a defendant subject to a complaint, counterclaim, cross-claim, or third-party complaint.

(c) (1) Subject to subsections (d) and (e) of this section, on written request of a party to the action, an insurer or a person that has a self-insurance plan shall provide to the party the defendant's last known home and business address if known.

(2) An insurer or a person that has a self-insurance plan, and their employees and agents, may not be civilly or criminally liable for the disclosure of information required under this subsection.

(d) Subsection (c)(1) of this section applies only if the plaintiff files a certification that:

(1) States that the defendant had applicable insurance coverage at the time the alleged liability was incurred;

(2) Sets forth in detail the reasonable efforts made, in good faith, by the plaintiff to locate the defendant; and

(3) States that the defendant is evading service of process or the whereabouts of the defendant are unknown to the plaintiff.

(e) A plaintiff shall file a certification described under subsection (d) of this section with the clerk of the court in which the case is filed and serve the certification on the insurer or the person that has the self-insurance plan, as provided in the Maryland Rules.

(f) A defendant who is subject to the provisions of this section is deemed to have consented to the disclosure of the information described in this section.

**Code of Maryland, Land Use, Section 15-114 - Powers and duties -- Insurance. Universal Citation: MD Land Use Code § 15-114 (2013)**

(a) The Commission shall establish an adequate comprehensive insurance program.

(b) (1) The comprehensive insurance program shall provide:

(i) compensation for personal injury or death or property damage resulting from negligence, malpractice, or any other civil or tortuous act or omission of the Commission, or of its commissioners, employees, and agents acting within the scope of their duties and without malice or gross negligence;

(3) The insurance program established by the Commission shall provide for:

(i) defense of claims; and (ii) compensation for damages.

(4) Within the limits of appropriations for the insurance program, the Commission may:

(i) engage necessary claims investigators and adjustors; and (ii) provide for the defense and settlement of claims and payment of judgments.

**Maryland Courts and Judicial Proceedings Section 4-402**

(a)     Except as provided in §§ 4-401 and 4-404 of this subtitle, the District Court does not have equity jurisdiction.

(b)     Except as provided in § 4-401 of this subtitle, the District Court does not have jurisdiction to decide the ownership of real property or of an interest in real property.

(d)     (1)     (i)     Except in a case under paragraph (2), (4), (5), or (6) of § 4-401 of this subtitle, the plaintiff may elect to file suit in the District Court or in a trial court of general jurisdiction, if the amount in controversy exceeds $5,000, exclusive of prejudgment or post judgment interest, costs, and attorney's fees if attorney's fees are recoverable by law or contract.

(2)     In a case under § 4-401(7) or (8) of this subtitle, the plaintiff may elect to file a petition for injunctive relief either in the District Court or the circuit court.

**Maryland Courts and Judicial Proceedings Section 4-401**

**Article - Courts and Judicial Proceedings**

Except as provided in § 4-402 of this subtitle, and subject to the venue provisions of Title 6 of this article, the District Court has exclusive original civil jurisdiction in:

(1) An action in contract or tort, if the debt or damages claimed do not exceed $25,000, exclusive of prejudgment or post judgment interest, costs, and attorney's fees if attorney's fees are recoverable by law or contract;

(10)    A proceeding for adjudication of:

(i)    A municipal infraction as defined in Article 23A, § 3(b)(1) of the Code;

(ii)    A Commission infraction as defined in Article 28, § 5-113 of the Code;

(17)    An action for damages for a dishonored check or other instrument under Title 15, Subtitle 8 of the Commercial Law Article, regardless of the amount in controversy.

**WHEREAS, the notice of claim is an instrument under title 15, Subtitle 8 of the Commercial Law Article.**

**Maryland Commercial Law Section 3-104**

**Article - Commercial Law**

(3)    Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment…

(b)    "Instrument" means a negotiable instrument.

Maryland Code, Commercial Law, Section 15-801. Definitions

(g)    "Instrument" has the meaning provided in § 3-104(b) of this article.

COUNT ONE

JOHN J. BUCKSHAW,

Plaintiff,

vs.

MARYLAND NATIONAL CAPITAL PARK AND PLANNING COMMISSION,

Defendant.

COUNTERCLAIM ABUSE OF PROCESS

1. The plaintiff is an executive director of a corporation de facto pursuant to **15 U.S.C.A. Section 44** Definitions "Corporations"...for the purpose of general advertising and promotional products sales and is transient in business and litigation with delayed and pending obligations and prospective competition over several states and maintains a warehouse in the District of Columbia and receives U.S. mail at P.O. Box 18704, Washington, DC 20036.

2. The defendant, **Maryland-National Capital Park and Planning Commission, Section 2-110.**

The Commission may exercise all powers and functions granted to it in this article. It may use a common seal, sue and be sued and do any and all other corporate acts for the purpose of carrying out the provisions of this article.

The defendant is located at 8787 Georgia Avenue, Silver Spring, Maryland 20901 Tel. (302) 952-3560 Fax. (301) 952-5074 commissioners@mncppc.org

4. On or about November 13, 2006, in Montgomery County, by and through the designated agents, representatives, employees of the defendant a park police man evidenced tortuous interference with business, contracts and prospective economic gain as follows:

(a) responded to a false alarm in bad faith as the plaintiff burned small paper trash fire near his company warehouse,

(b) failed to investigate the plaintiff's report of being victim of jostling on the bicycle trail from River Road to Bethesda after leaving his company warehouse with two shopping bags of paper trash and stopping in the woods to burn the trash behind a park bench on the side of the bicycle trail,

(c) failed to prosecute actors in violation disorderly conduct and disturbing the piece done by two transgender actors (one white and one black female ununiformed metro bus and metro rail police) and tumultuous gestures (toe tapping by a legal small paper trash fire and dumping out a shopping back of paper trash out onto the bicycle trail) and said false alarm.

5. To the contrary, the defendant falsely arrested the plaintiff without seeing any fire after the plaintiff left the fire with two or three metro police which dumped out one shopping bag of trash out onto the bicycle trail which the plaintiff replaced into the shopping bag and walked about one mile north of the legal trash fire in the woods contrary to **Code of Maryland, Criminal Procedure, Section 2-202 through 2-206** Warrantless arrest…

6. The defendant abused process with extortionate false accusations of an illegal fire and filed the citation and obtained a judgment against the plaintiff for $50, citation number 4Z33941394, tracking number 061001951426 said judgment was obtained against the plaintiff on May 8, 2007 and was filed in this court at case number 0602 00008362 2007 on May 11, 2007.

7. The judgment is based on an offense that the plaintiff did not commit for which the plaintiff demands unliquidated damages in the amount of one thousand dollars ($1,000.00).

7. On or about February 12, 2009, in Montgomery County, the defendant submitted a claim against the MNCPPC for damages to compensate for false alarm, failure to act, false arrest, abuse of process with extortionate false accusations of an illegal fire in the amount of $5,000.

9. The plaintiff continues to seek relief and delayed and pending accrual of a cause of action against the Maryland National Capital Park and Planning Commission Park Police, et al. for monetary damages to compensate for deprivation of rights, failure to act and investigate the plaintiff's reports to the park police upon their illegally stopping the plaintiff of his being a victim of disturbing the peace, disorderly conduct done by transgender and tumultuous gestures indicated by supervising the plaintiff without privilege, agreement, legal justification and with knowledge of a duty to leave the plaintiff alone and with willful intent to harass the plaintiff while burning a small paper trash fire in the woods.

10. The defendant are acting in combination with actors which jostled the plaintiff on a bicycle trail near the plaintiff's company warehouse which was maintained since 2004 evidencing said harassment and disorderly conduct.

11. Said actors disturbed the piece and as two transgender females gave a false alarm while the plaintiff had been burning a legal small paper trash fire in the woods down the bicycle trail from the plaintiff's company warehouse.

12. The defendant (park police) failed to act and to investigate and prosecute the foregoing actors in violation of disturbing the peace, disorderly conduct and false alarm.

13. To the contrary, park police ironically and falsely arrested the plaintiff and abused process with accusations of an illegal fire willful intent to aid and abet the foregoing disturbing the peace, disorderly conduct, false alarm and failed to act and made false statements of an illegal

fire as the fire was actually a legal small paper trash fire in the woods and not on park property about one mile north of the park.

14. Thus, the jurisdiction of **Code of Maryland, Land Use, Section 17-207 Regulations and Section 17-208** Commissioner infractions was relinquished…and the park police made false accusations of violations of the county code against open fires.

15. The park police had never seen the fire to enable a warrantless arrest.

16. The case is not a commissioner infraction nor a municipal infraction as the plaintiff had been falsely arrested as the infractions do not provide for arrest.

17. The procedures for an infraction where invalidated or other wise were relinquished by the park police which falsely arrested the plaintiff causing the violation to be declared by law to be a criminal prosecution and abuse of process rather than a civil offense and evidencing a warrantless arrest without seeing a fire and about one mile north of the fire and about two miles north of the park in the Safeway grocery store parking lot.

18. The plaintiff was wrongfully issued citation number 4Z33941394, tracking number 061001951426 by the park police charging an illegal fire where prohibited  on November 13, 2006.

19. The fire was actually legal and not on park property and on a bicycle trial operated by the Montgomery County Department of Transportation.

20. The plaintiff was wrongfully convicted of an illegal fire on Maryland National Park and Planning Commission property on May 8, 2007 and was fined $50.00 as the case did not proceed according to Section 17-208 with options to pay the fine and notices of a trail.

21. The foregoing conviction and fine resulted in a judgment against the plaintiff and was filed in this court at case number 0602000083622007 on  May 11, 2007.

22. The herein request for relief is based on newly discovered evidence which with due diligence could not have been discovered in time for a new trail pursuant to Rule 4-331.

23. There is newly discovered evidence of error on the face of the record which is vitiating the proceedings which entitles the defendant to a new trail as follows:

24. There is newly discovered evidence of error in the charging document which is causing the citation to be insufficient.

25. The citation does not conclude with the words "against the peace, government, and dignity of the State" contrary to **Code of Maryland, Criminal Procedure, Section 4-107.** Charging document for violation of ordinance.

26. There is newly discovered evidence of error in the issuing of the citation.

27. The park police failed to cite actors in violation of disturbing the piece, disorderly conduct and false alarm which jostled the plaintiff on a bicycle trial while burning a small paper trash fire in the woods and the park police did not actually see the fire nor the location of the fire as the police subsequently after arresting the plaintiff drove back towards the fire to meet the Montgomery County fire department and equipment and parked about 100 yards from the fire.

28. The fire men went down a bicycle trial with fire equipment to composed pictures for the park police.

29. The fire was not on park property nor where prohibited and about ten feet from the bicycle trail from River Road to Bethesda and behind a park bench.

30. There is newly discovered evidence of that the fire was actually legal under the Montgomery County Code.

31. The plaintiff discovered the foregoing newly discovered evidence in the ordinary course of his company litigation as it could not have been discovered earlier without avoiding other cases.

32. The conviction is based on an offense that the petitioner did not commit contrary to **Maryland Criminal Procedure Article, Section 2-202 through 2-206** Warrantless arrest…as the herein motion to dismiss is delayed and pending.

33. The park police are acting without authority as neither the legal fire nor the false arrest were in a county park and were actually on a bicycle trial which is administered by the Montgomery County Department of Transportation.

34. Montgomery County Bikeways.- The Division of Transportation Engineering administers and manages the County's Bikeway Program. All Bikeway constructed by MCDOT comply with Federal Law under the Americans with Disabilities Act.

35. The firemen went down the bicycle trial to investigate the fire and falsely alleged coals on the side of a rail road tie behind a bench which could not have been burnt by the small paper trash fire.

36. The firemen came back with falsely composed pictures and the park police issued a citation without seeing the fire as the false arrest and the falsely alleged offense are required to be in the presence of the police which are without authority and were actually not present at the fire and falsely arrested the defendant and abused process.

37. **Montgomery County Code, Section 3-8** Control or prohibition of open fires…

 b) Open fires…the following open fires are allowed without prior approval…

(3) Recreational purposes. A person may set an open fire, such a campfire…not larger than 3 feet in diameter.

**Montgomery County Code, Section 22-88.** Open fires generally

   Where permitted by the provisions of Chapter 3 of the County Code, burning by open fires shall be subject to the following conditions:

   (a) Open fires shall be attended at all times until completely extinguished…(b) A clear space free of ignitable materials not less than ten (10) feet in diameter shall be maintained around the fire. (c) The burning of material of any kind on public roads, streets, highways, alleys, sidewalks, and public rights of way shall be prohibited at all times.

**WHEREAS,** burning of paper office trash was not in excess of three feet in diameter,

**WHEREAS,** the fire was attended until the affiants mistreated the plaintiff and dumped out one shopping bad of office paper trash which the plaintiff replaced into the shopping bag and left under inducements, force and duress of subsequent harassment for the actors to attend to the fire and wait for a few small flames to go out where actual extinguishing was not necessary.

**WHEREAS,** as the affiants gave a false alarm, the fire was next to a railroad tie encroachment which was not ignitable, however, the railroad ties showed indications of coals which the plaintiff did not ignite nor were ignited by the fire of the plaintiff and was extinguished and replaced afterwards as was the bench which was damaged by a heavy black marking pen with graffiti as the name on the park police is "Joe Graiffrida" which subsequently abused process with accusations of telephone misuse and harassment in 2009 in response to the plaintiff demanding payment of the claims for damages as a result of said failure to act, false arrest and abuse of process.

38. The actors are continuing to harass the plaintiff after giving a false alarm in violation of **Maryland Criminal Law, Section 22-73**…which wrongfully caused a number of fire trucks and ect.

39. The actors stalked the plaintiff for about one mile when the police stopped, neglected to investigate a complaint of disturbing the peace, disorderly conduct and false alarm and falsely arrested the plaintiff and neglecting to go into the woods and cite of the fire.

40. A copy of the herein complaint was emailed to the State's Attorney, Montgomery County as was a copy left at the Office of the State's Attorney.

**WHEREFORE,** the plaintiff demands judgment against the defendant for the required injunctive relief and twelve thousand five hundred dollars ($12,500) damages.

COUNT TWO

JOHN J. BUCKSHAW,

Plaintiff.

Vs.

MARYLAND NATIONAL CAPITAL PARK AND PLANNING COMMISSION,

Defendant.

COUNTERCLAIM ABUSE OF PROCESS

41. The plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1 through 40 as though set forth at length hereinafter.

42. On or about October 7, 2009, in Prince George's County, the defendant abused process with extortionate false accusations of harassment- repeated calls and misuse of a telephone in this court at Case No. 3E00399150; Tracking No. 091001663001 Trial Date: February 22, 2013 with willful intent to harass and coerce the plaintiff from continuing to call and demand payment of the foregoing claims under duress of imprisonment and did cause said false imprisonment done by defective service of the warrant and false arrest on December 25, 2012.

42. The defendant, park police, willfully omitted the foregoing claims for damages as a result of false alarm, false arrest and abuse of process with false accusations of an illegal fire from the application for statement of charges and had actual personal knowledge of the actual purpose of the calls was to demand payment of the claims notwithstanding annoyance of office workers as the plaintiff's intent is manifested to demand payment of claims and did not actually intend to harass as said communication was privileged in business, debt collection of claims for damages and litigation of failure to act, abuse of process and false imprisonment in 2006 done the defendant.

43. The defendant did not sign the application for statement of charges to agree to appear for a trail as the defendant had knowledge of the calls being actually legal with intent to obtain payment of claims for damages as a result of false arrest, inter alia.

44. The charging documents require an indication of that the victims were under the age of eighteen (18) which was left blank as the office workers are at least twenty one.

45. The defendants omitted the foregoing from the charging documents which are wrongfully indicating three counts of harassment and three counts of misuse of a telephone (six counts 10 year in jail penalty) for one set of repeated calls.

**46.** Said abuse of process was done in violation of **Code of Maryland, Court and Judicial Proceedings, Section 10-402.**

   (a)    Except as otherwise specifically provided in this subtitle it is unlawful for any person to:

      (1)    Willfully intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;

      (2)    Willfully disclose, or endeavor to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subtitle; or

      (3)    Willfully use, or endeavor to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subtitle.

   (b)    Any person who violates subsection (a) of this section is guilty of a felony and is subject to imprisonment for not more than 5 years or a fine of not more than $10,000, or both.

      (2)(i)  This paragraph applies to an interception in which:

         1.    The investigative or law enforcement officer or other person is a party to the communication; or

         2.    One of the parties to the communication has given prior consent to the interception.

      (ii)    It is lawful under this subtitle for an investigative or law enforcement officer acting in a criminal investigation or any other person acting at the prior direction and under the supervision of an investigative or law enforcement officer to intercept a wire, oral, or electronic communication in order to provide evidence:

1.     Of the commission of: A. Murder; B. Kidnapping; C. Rape; D.  A sexual offense in the first or second degree; E. Child abuse; F. Child pornography under § 11-207, § 11-208, or § 11-208.1 of the Criminal Law Article; G. Gambling; H. Robbery under § 3-402 or § 3-403 of the Criminal Law Article; I. A felony under Title 6, Subtitle 1 of the Criminal Law Article; J. Bribery; K. Extortion; L. Dealing in a controlled dangerous substance, including a violation of § 5-617 or § 5-619 of the Criminal Law Article; M. A fraudulent insurance act, as defined in Title 27, Subtitle 4 of the Insurance Article; N. An offense relating to destructive devices under § 4-503 of the Criminal Law Article; O. Sexual solicitation of a minor under § 3-324 of the Criminal Law Article; P. An offense relating to obstructing justice under § 9-302, § 9-303, or § 9-305 of the Criminal Law Article; or Q. A conspiracy or solicitation to commit an offense listed in items A through P of this item; or

(ii)     If all of the requirements of subparagraph (i) of this paragraph are met, an interception is lawful even if a person becomes a party to the communication following:

(ii)     Communications intercepted under this paragraph may not be recorded, and may not be used against the defendant in a criminal proceeding.

**WHEREAS**, the herein accusations of harassment and misuse of a telephone should not be

intercepted and may not be used against the plaintiff in a criminal prosecution.

**Code of Maryland, Courts and Judicial Proceedings, Section 10-410.**  Civil liability, defense to civil or criminal action…(b) Any person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of this subtitle shall have a civil cause of action against any person…and be entitled to recover from any person:

(1) Actual damages but not less than liquidated damages computed at the rate of $100 a day for each for each day of violation or $1,000, whichever is higher;

(2) Punitive damages; and

(3) A reasonable attorney's fee and other litigation costs reasonably incurred

**WHEREFORE,** the plaintiff demands judgement against the defendant for the required

injunctive relief and stay of state court proceedings and pre trail dismissal of defective

proceedings charging harassment- repeated calls and misuse of a telephone and demands

judgment for monetary damages in the amount of twelve thousand five hundred dollars

($12,500).

COUNT THREE

JOHN J. BUCKSHAW,

Plaintiff.

Vs.

MARYLAND NATIONAL CAPITAL PARK AND PLANNING COMMISSION,

Defendant.

MOTION FOR THE INJUNCTIVE RELIEF TO DISMISS CHARGING DOCUMENTS

47. The plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1 through 46 as though set forth at length hereinafter.

48. The plaintiff seeks the required relief from abuse of process with extortionate false statements of harassment repeated calls and misuse of a telephone with willful intent to use unfair claims settlement practices and to aid and abet failure to compromiser and settle the foregoing claims and seeks injunctive relief from interception of communication and represents as follows:

49. **Code of Maryland, Courts and Judicial Procedure, Section 6-104.** Stay or dismissal of action which should be heard in another forum…
   (a) In general.- If a court finds that in the interest of substantial justice an action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any condition it considers just.

**WHEREFORE**, the plaintiff request that this court find that the attached charging documents wrongfully omit the actual subject matter jurisdiction as set forth in the foregoing and stay service of a bench warrant which was issued after failure to appear for a trail where court did not acknowledge a notice of appearance and hold a trail in the plaintiff's absence with 180 days from February 23, 2012 and dismiss the failure to appear and harassment by repeated calls and misuse of a telephone with prejudice.

Dated: June 11, 2020

*John J. Buckshaw*

John J. Buckshaw

DISTRICT COURT OF MARYLAND, MONTGOMERY COUNTY

CIVIL ACTION

Case No. 06020008362-2007

MARYLAND NATIONAL CAPITAL PARK
AND PLANNING COMMISSION- PARK POLICE,

Plaintiff,                                                        COUNTER CLAIM

vs.

JOHN J. BUCKSHAW,

Defendant.

### ORDER

**AND NOW,** upon consideration of the amended complaint, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** the judgment for $50 against the defendant for the plaintiff is hereby vacated and diminished,  the bench warrant is hereby lifted, recalled and set aside and the application of a statement of charges and statement of charges in the General District Court of Maryland, Prince Georges County, State of Maryland vs. John J. Buckshaw, filed by the plaintiff charging harassment and misuse of a telephone dismissed with prejudice. **IT IS FURTHER ORDERED** that judgement is hereby awarded for the defendant against the plaintiff in the amount of twenty five thousand dollars ($25,000) to compensate a combination done by harassment, false arrest, failure to act, abuse of process in 2006 with extortionate false statements by law enforcement of an illegal fire, unfair claims settlement practices and failure to compromise and settle the foregoing claims and abuse of process in 2009 with extortionate false statements of misuse of a telephone and harassment- repeated calls.

Dated:_____                      _____J.

DISTRICT COURT OF MARYLAND

DISTRICT COURT OF MARYLAND, MONTGOMERY COUNTY

CIVIL ACTION

Case No. 06020008362-2007

MARYLAND NATIONAL CAPITAL PARK
AND PLANNING COMMISSION- PARK POLICE,

Plaintiff,                                                    COUNTER CLAIM

vs.

JOHN J. BUCKSHAW,

Defendant.

**PROOF OF SERVICE**

I, John J. Buckshaw, hereby verify that I have served a copy of the foregoing motions and counterclaim on the plaintiffs and on the District Court of Maryland, Prince Georges County by electronic means via fax and email.

Dated: June 11, 2020                  *John J. Buckshaw*

John J. Buckshaw